**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 23, 2026**

# In the Court of Appeals of Georgia

A25A2061. WEINSTOCK v. SMALL.

DOYLE, Presiding Judge.

Karen Weinstock filed this appeal from the trial court's orders dismissing her pro se motion for new trial and awarding attorney fees. Because this Court lacks jurisdiction, we dismiss the appeal for the reasons that follow.

The record shows that Weinstock was married to Noam Small, and they had a daughter. They divorced in 2017, and Weinstock was awarded primary physical custody of the child. In November 2023, Weinstock filed a counseled petition seeking modification of the parenting plan's visitation schedule. Weinstock initially was represented by Nicole Crites and Diamond Alexander of The Crites Firm. Later, Colleen Warley of The Crites Firm, Chuck Boring of Robbins Alloy Belinfante

Littlefield LLC, and Ashley M. Wine of Wine Family Law Firm, LLC, entered appearances on Weinstock's behalf.

On January 2, 2025, the trial court entered a final order, concluding that no change in custody or visitation was warranted. On January 31, 2025, at 5:17 p.m., Alexander, Crites, and The Crites Firm moved to withdraw from representation of Weinstock. Earlier that same day, Weinstock had filed a pro se motion for new trial. On April 18, 2025, the trial court dismissed the motion for new trial as null because Weinstock was still represented when she filed the motion, citing *Romich v. All Secure, Inc.*, 361 Ga. App. 505 (863 SE2d 179) (2021). The trial court noted that it had not granted the attorneys' motion to withdraw and that, in any event, Weinstock was still represented by Wine.[1] Assuming, in the alternative, that the pro se filing was not a nullity, the court declined to consider it, citing *Johnson v. State*, 315 Ga. 876 (885 SE2d 725) (2023). In a separate order entered the same day, the trial court granted in part Small's motion for attorney fees, awarding $12,735.00 under OCGA § 9-15-14.

---

[1] No withdrawal for Boring appears in the record, but he does not appear in filings later in the record.

Proceeding pro se, Weinstock filed a notice of appeal from the two orders entered on April 18, 2025. Among other things, Weinstock argues on appeal that the trial court erred by dismissing her pro se motion for new trial as a legal nullity.

First, however, "[i]t is incumbent upon this Court to inquire into its own jurisdiction." *Barnes v. Barnes*, 361 Ga. App. 279, 280 (864 SE2d 119) (2021) (punctuation omitted). Here, the trial court's April 18, 2025 order dismissed Weinstock's motion for new trial on the basis that it was a legal nullity and noted that it had not granted The Crites Firm's motion to withdraw. Weinstock then filed a pro se notice of appeal, but no order granting The Crite Firm's motion to withdraw or addressing whether any of the other attorneys continue to represent Weinstock appears in the record between the dismissal of the motion for new trial and filing of the pro se notice of appeal.

As the trial court found in its order dismissing Weinstock's pro se motion for new trial, this Court previously has held that a pro se filing, including a pro se notice of appeal filed by a represented party in a civil case, is a legal nullity and does not confer appellate jurisdiction to this Court. See *Romich*, 361 Ga. App. at 505 (holding that the pro se notice of appeal was a legal nullity because it was filed by a party whose

3

attorney had not yet been formally permitted to withdraw by written order); *In the Interest of N. C.*, 358 Ga. App. 379 (855 SE2d 379) (2021) (dismissing an appeal in which the pro se notice of appeal was a legal nullity because it was filed by a party who was still represented by counsel).

Weinstock argues that the Supreme Court of Georgia's decision in *Johnson* undermines the application of *Romich* here. *Johnson* held that a pro se filing by a counseled criminal defendant is not always a legal nullity and that, in the context of a criminal matter, "a court has discretion to recognize a timely and otherwise procedurally proper pro se filing made by a defendant who is still represented by counsel." Id. at 890(4). The Court also recognized that "the decision whether to recognize a pro se notice of appeal remains one for appellate courts to make." Id. at 891(4) n. 15.

Nevertheless, *Johnson's* holding is explicitly couched in language applicable to pro se filings by criminal defendants. See id. at 891(4) ("T[he] decision whether to recognize a pro se filing by a counseled *defendant* is committed to the court's sole discretion.") (emphasis added). And although *Johnson* overruled or disapproved prior decisions "to the extent that they hold that pro se filings by counseled defendants are

always legal nullities," id. at 889(3) (emphasis omitted), it did not overrule or disapprove *Romich, In the Interest of N. C.*, or any other decision applying the nullity rule in the context of a civil matter. This Court recently clarified that the application of *Johnson* has been limited to the criminal context and that *"Romich* remains binding precedent[.]" *Muhammad v. Clayton County*, ____ Ga. App. ____ (2026), A25A2167, slip op. at 10 (Ga. App. Jan. 15, 2026). *Johnson* does not grant us the discretion to recognize the pro se filing of a represented party in a civil matter, and our research reveals no binding precedent affording us such discretion.[2]

Because Weinstock's pro se notice of appeal was filed when she was still a represented party in a civil matter, it is a legal nullity insufficient to confer appellate jurisdiction.

*Appeal dismissed. Markle and Padgett, JJ., concur.*

---

[2] We are aware of only one unreported post-*Johnson* decision in which the pro se filing of a represented party in a civil case was recognized to confer appellate jurisdiction: *In the Interest of W. C. N.*, A24A1421, slip op. at 10-13(1) (Ga. App. Feb. 7, 2025) (unpublished). Because it is unreported, that decision lacks precedential value and does not bind our analysis. See Court of Appeals Rule 33.2(b) ("A decision that is not officially reported is neither physical nor binding precedent[.]").